Case 7:20-cr-01111   Document 110   Filed on 01/11/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:20-CR-1111-1,3 |
| | § | |
| RODRIGO JUVENAL DE JESUS | § | |
| BELTRAN; ANDRES BELTRAN, JR. | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers the Motion to Suppress Illegally Obtained Evidence and Identification of Defendant filed by Andres Beltran, Jr.;[1] Defendant Rodrigo Beltran's Motion to Suppress Illegally Obtained Evidence and Request for Evidentiary Hearing;[2] Defendant Rodrigo Beltran's Motion to Adopt Co-Defendants' Motions;[3] and two separate Government's Response to Defendant's Motion to Suppress Evidence.[4] The Court considers each motion to suppress separately but sets out the background generally.

**I    Background**[5]

Brothers Andres Beltran, Jr. ("Andres") and Rodrigo Beltran ("Rodrigo")[6] (jointly "Defendants") each stand charged with one count of conspiracy to transport undocumented aliens and three counts of transporting undocumented aliens. These charges stem from an ongoing investigation over the course of more than a year. During the investigation, Homeland Security Investigators ("HIS") and Border Patrol Agents ("BPA") identified La Mosquita/La

---

[1] Dkt. No. 105.
[2] Dkt. No. 106.
[3] Dkt. No. 107.
[4] Dkt. Nos. 108 & 109.
[5] Since Defendants do not assert factual disputes in their motions, the Court cites to the facts set out in the Government's response, unless otherwise stated.
[6] Ordinarily, the Court would not use a first name to refer to a defendant but since both have the same last name, it is necessary to avoid confusion.

Mosca Ranch, located about 7.5 miles from the U.S./Mexican border, as an alien stash house, and Defendants as potential alien smugglers. Defendants, who resided in Houston, were at times seen at the Oak Tree Apartments in Rio Grande City, a location determined by BPA to be a congregating point before a smuggling operation. Over the course of the investigation, BPA had various encounters with Defendants who were, at various times, found in the vicinity of alien apprehensions and in vehicles used for alien smuggling/scouting.

On June 8, 2020 during surveillance of these operations, BPA observed four vehicles congregating at the Oak Tree Apartments in what BPA believed was an upcoming alien smuggling operation. Through surveillance, investigators observed all four vehicles eventually make their way to or near La Mosquita/La Mosca Ranch. Aliens were loaded unto two of those vehicles, a red F-250 truck and red Chevrolet truck which were then seen traveling north for approximately 20 miles. These two trucks then pulled over to the side of the road and multiple individuals fled from the trucks. BPA were able to apprehend 25 aliens who had been transported in those two trucks. On the evening of the same day, Starr County Investigator Juan Guerra Jr. and Deputy Erika Lara received information about the day's alien smuggling events and, in particular, of the involvement of the red F-250 truck. Investigator Guerra and Deputy Lara subsequently stopped the red F-250 truck for an inoperable third stop light. The driver of the red F-250 was identified as Rodrigo Beltran. He was arrested for alien smuggling. It is this stop that Rodrigo seeks to suppress although he does not contend that he gave any statements or that any evidence was found in the vehicle.

At approximately the same time that Rodrigo was stopped, BPA conducted a stop of the fourth vehicle, a Silver Ford Ranger, earlier observed at the Oak Tree Apartments and then near La Mosquita/La Mosca Ranch. Andres was identified as the driver of the Ford Ranger.

According to Andres, he was taken to the Hebbronville Border Patrol Station but gave no statement and was released without arrest. In his motion to suppress, Andres also claims that he was similarly stopped and/or detained on May 1, 2019; October 16, 2019; February 16, 2020; May 4, 2020; and May 22, 2020. Andres does not claim that he gave any statements on any of those occasions or that any evidence was discovered as a result of those stops. He contends only that he was identified on each of those occasions.

**II    Motions**

  a.  *Rodrigo Beltran's Motion to Suppress*

First, the Court notes that Rodrigo's motion does not set forth a factual dispute. Fifth Circuit precedent and CrLR 12.2 of the Locals Rules of the United States District Court for the Southern District of Texas require that a motion set forth with specificity the material facts at issue. In particular, the Fifth Circuit has held that "[f]actual allegations set forth in the defendant's motion, including any accompanying affidavits, must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'"[7] Furthermore, "[g]eneral or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice."[8] "Inherent in these flexible guidelines is a judicial recognition that 'the determination of whether a hearing is required [on a motion to suppress] is necessarily dependent upon the particular facts which attend a particular request, and the district court is properly left with a certain amount of discretion in this regard.'"[9] Therefore, "[e]videntiary

---

[7] *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972) (quoting from *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), cert. denied, 389 U.S. 897 (1967)).
[8] *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir. 1983).
[9] *Id*. (Citation omitted).

hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."[10]

Here, Rodrigo argues only a legal issue. Thus, no hearing is necessary and the request for such is DENIED. As to the legal issue, Rodrigo contends only that the stop was illegal because he was stopped for an inoperable third stoplight but that he was in compliance with Texas Transportation Code § 547.323 which requires only two stoplights. In response, the Government cites to Texas Transportation Code § 547.3215, which requires compliance with federal standards set out in the Code of Federal Regulation, specifically 49 C.F.R. § 571.108. The Government correctly notes that these federal regulations, incorporated into Texas law, require a high-mounted stop light on the vehicle driven by Andres on the day of the stop.[11] Rodrigo does not contend that he had an operable third stop light. Thus, it is clear that Investigator Guerra and Deputy Lara had a reasonable basis for believing that Rodrigo had violated the Texas Transportation Code by driving a vehicle with an inoperable third stop light. Beyond the claim that the stop was illegal, Rodrigo does not contend that his arrest for alien smuggling was without probable cause. Thus, his motion to suppress is DENIED.

    b. *Andres Beltran, Jr.'s Motion to Suppress*

Like Rodrigo, Andres' motion also fails to set forth any disputed factual issues beyond his general conclusory contention that his proximity to these events was purely coincidental. As the Court has already noted, factual allegations must be "'sufficiently definite, specific, detailed,

---

[10] *Id. (Citing United States v. Smith*, 546 F.2d 1275 (5th Cir.1977)); *United States v. Poe*, 462 F.2d 195.
[11] See *Saenz v. State*, 564 S.W.3d 469, 473–74 (Tex. App.—El Paso 2018, no pet.) ("For those vehicles that are also less than "2032 MM" in overall width having a gross vehicle weight rating of 10,000 pounds or less, the vehicle is required to be equipped with a third lamp in the form of a high-mounted stoplamp mounted '[o]n the rear including glazing, with the lamp center on the vertical centerline as viewed from the rear.' 49 C.F.R. § 571.3(b), § 571.108 S6.1, S7.3.1, Table I-a.")

and nonconjectural, to enable the court to conclude that a substantial claim is presented.'"[12] Andres' "[g]eneral or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice."[13] Again, as previously noted, "[e]videntiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."[14] Additionally, CrLR 12.2 requires that a motion raising factual disputes be verified or supported by affidavit.

Here, the motion is conclusory only. It does not set out any disputed facts, accordingly no hearing is necessary.

Andres' motion also suffers from another fatal flaw. That is, Andres does not set out what it is he seeks to supress. The Court can only glean that Andres seeks to suppress his identify as established on each of the occasions when he was stopped. However, it is well recognized in the Fifth Circuit, and indeed in other courts, that identity is not suppressible. In *United States v. Roque-Villanueva*, the Fifth Circuit held that "[e]ven if the Defendant was illegally stopped," his identity was not suppressible.[15] The Fifth Circuit recognized that even the Supreme Court has held that "'[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest.'"[16]

Thus, as Andres does not set forth any disputed facts, does not state what he seeks to suppress and does present any legal issues, his motion to suppress is DENIED.

---

[12] *United States v. Poe*, 462 F.2d at 197 (quoting from *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), cert. denied, 389 U.S. 897 (1967)).
[13] *United States v. Harrelson,* 705 F.2d at 737.
[14] *Id. (Citing United States v. Smith*, 546 F.2d 1275 (5th Cir.1977)); *United States v. Poe*, 462 F.2d 195.
[15] 175 F.3d 345, 346 (5th Cir. 1999)
[16] *Id*. (Citing In *I.N.S. v. Lopez–Mendoza,* 468 U.S. 1032, 3483 (1984)).

  *c. Rodrigo Beltran's Motion to Adopt*

  Rodrigo has also filed a one paragraph motion seeking to adopt any pre-trial motions filed by his co-defendants. The Court DENIES this motion as pre-trial motions should be made by a defendant only when necessary and should be particularized to that defendant.

  **III. Conclusion**

  For the forgoing reasons, the motions to suppress[17] are DENIED, and the motion to adopt[18] is similarly DENIED.

  IT IS SO ORDERED.

  DONE at McAllen, Texas, this 11th day of January, 2021.

                 _____
                 Micaela Alvarez
                 United States District Judge

---

[17] DKt. Nos. 105 & 106.
[18] Dkt. No. 107.